IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| SARAH SNYDER, *et al., on behalf of themselves and all others similarly situated,* | ) ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:24cv757 (RCY) |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiffs' Consent Motion to Dismiss ("Motion to Dismiss," ECF No. 30), wherein Plaintiffs, with Defendant's consent, move to voluntarily dismiss all of their individual claims against Defendant with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). In an Order issued on February 20, 2026 (ECF No. 31), the Court deferred ruling on the Motion to Dismiss and instead directed the parties to brief the applicability of *Shelton v. Pargo, Inc.*, in which the Fourth Circuit held that district courts must conduct a "proper inquiry" before approving pre-class-certification dismissal of claims originally asserted on behalf of a putative class, to determine whether the proposed settlement is (1) "tainted by collusion" or (2) "will prejudice absent putative members with a reasonable 'reliance' expectation of the maintenance of the action for the protection of their interests." 582 F.2d 1298, 1315 (4th Cir. 1978). In response, the parties filed a Joint Memorandum ("Joint Mem."), ECF No. 32, in which they contend that *Shelton* was effectively superseded by the 2003 Amendment to Rule 23(e). Joint Mem. 3–4. For the reasons articulated in the Court's April 21, 2026 Order (ECF No. 33), the Court disagreed and directed the parties to submit a summary of the material terms of any settlement reached in connection with the proposed dismissal, to enable the Court to

discharge its obligation under *Shelton*. ECF No. 33 at 1–3. Specifically, the Court directed the parties to address only *Shelton's* "collusion" prong, finding that the prejudice prong was immaterial in this matter. *Id.* at 3, n.3 (citing *Milligan v. Actavis, Inc.*, 2009 U.S. Dist. LEXIS 81663, at *4 (S.D.W. Va. Sept. 9, 2009)).

The parties complied, filing a redacted Joint Submission Regarding Material Terms of Settlement ("Joint Submission"), ECF No. 34, along with an unredacted, sealed version, *see* ECF No. 39. Upon review of the terms therein, the Court is satisfied that the proposed settlement is neither tainted by collusion nor prejudicial to other putative class members. *See Shelton*, 582 F.2d at 1315. As to prejudice, the settlement is binding only as to Plaintiffs' individual claims and does not encompass the putative class' claims. Joint Submission 3.

Moreover, as to collusion, the Court considers the amount to be paid to Plaintiffs, the amount of any attorneys' fees or other compensation to be paid to Plaintiffs' counsel, and any other consideration exchanged. *Shelton*, 582 F.2d at 1315 ("[T]he District Court should conduct a careful inquiry into the terms of the settlement, particularly the amount paid the plaintiff in purported compromise of his individual claim and the compensation to be received by plaintiff's counsel, in order to insure that, under the guise of compromising the plaintiff's individual claim, the parties have not compromised the class claim to the pecuniary advantage of the plaintiff and/or his attorney."). A careful inquiry into the consideration exchanged reveals an arms-length bargain, particularly considering the relative strengths of the parties' cases and the fact that Plaintiffs' counsel represents that its 45% contingency fee is "its ordinary individual-case contingency, no more." Joint Submission 5, 9; *see also id.* at 6 ("Plaintiffs' counsel was paid a 45% contingency on the gross recovery—the same contingency rate the firm charges in pure individual FCRA cases in this Court."). Additionally, the parties represent that there are no side agreements, covenants, or other hidden consideration, and Plaintiffs'

2

respective recovery is "lower than comparable individual FCRA resolutions, reflecting the limited damages profile of a post-bankruptcy inaccuracy case." *Id.* at 7 (cleaned up). Finally, it is not apparent that any other potential class members were aware of this action, nor is it evident that this settlement would hinder a future class action lawsuit against the defendant.

In sum, in view of the parties' Joint Submission, the Court is satisfied that the proposed settlement is neither tainted by collusion nor prejudicial to other putative class members. Accordingly, Defendant's Consent Motion to Dismiss (ECF No. 30) will be granted.

An appropriate Order shall issue.

_____/s/_____
Roderick C. Young
United States District Judge

Date: May, 27, 2026
Richmond, Virginia

3